UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 5:25-cr-20-TPB-PRL
    18 U.S.C. § 1951(a)
    18 U.S.C. § 924(c)

JOSE FLORES AVILA

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
**(Interference with Commerce by Robbery)**

1. At all times material to this Indictment, Circle K, located at 2691 North Orange Blossom Trail, Zellwood, Florida 32798, was an entity that operated in and affected interstate commerce.

2. On or about May 23, 2024, in the Middle District of Florida, and elsewhere, the defendant,

**JOSE FLORES AVILA,**

did knowingly, in any way and degree, obstruct, delay, and affect commerce as that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of any article and commodity in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully taking and obtaining personal property, consisting of United States currency and cigarettes, of Circle K, from the person and in the presence of another, that is, an employee of Circle K, against the

employee's will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person.

In violation of 18 U.S.C. § 1951(a) and (b).

## COUNT TWO
### (Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence)

On or about May 23, 2024, in the Middle District of Florida, the defendant,

**JOSE FLORES AVILA,**

did knowingly use, carry, and brandish a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a Court of the United States, specifically, Interference with Commerce by Robbery, as alleged in Count One above.

In violation of 18 U.S.C. § 924(c)(1)(A)(ii).

## COUNT THREE
### (Interference with Commerce by Robbery)

1. At all times material to this Indictment, Circle K, located at 23932 Sorrento Avenue, Sorrento, Florida 32776, was an entity that operated in and affected interstate commerce.

2. On or about May 25, 2024, in the Middle District of Florida, and elsewhere, the defendant,

**JOSE FLORES AVILA,**

did knowingly, in any way and degree, obstruct, delay, and affect commerce as that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of any article and commodity in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully taking and obtaining personal

2

property, consisting of United States currency and cigarettes, of Circle K, from the person and in the presence of another, that is, an employee of Circle K, against the employee's will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person.

In violation of 18 U.S.C. § 1951(a) and (b).

## FORFEITURE

1. The allegations contained in Counts One through Three of this Indictment are incorporated by reference for the purpose of alleging forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c).

2. Upon conviction of the violation of 18 U.S.C. § 1951, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3. Upon conviction of a violation of 18 U.S.C. §§ 924(c) and/or 1951, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violations.

4. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,



Foreperson

ROGER B. HANDBERG
United States Attorney

By: *Belkis Callaos*
Belkis H. Callaos
Assistant United States Attorney

By: *[signature]*
Robert E. Bodnar, Jr.
Assistant United States Attorney
Chief, Ocala Division

FORM OBD-34
February 4

No.

UNITED STATES DISTRICT COURT
Middle District of Florida
Ocala Division

THE UNITED STATES OF AMERICA

vs.

JOSE FLORES AVILA

INDICTMENT

Violations: 18 U.S.C. § 1951(a)
18 U.S.C. § 924(c)

A true bill,

███████████████
         ‎Foreperson

Filed in open court this 4th day of February 2025.

_M Taylor_
Clerk

Bail $_____

GPO 863 525